**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Tracey Marie Sandell, | ) | Case No.: 11-05012-ABB-7 |
| | ) | |
| Debtor. | ) | |

--------------------

| | | |
|---|---|---|
| Tracey Marie Sandell, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | A. P. No.: 11-00104-BGC |
| | ) | |
| Internal Revenue Service, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I.  Background**

The facts necessary to decide the pending matter are not disputed.[1] The debtor filed the pending Chapter 13 case on April 8, 2011. When she filed her 2010 tax return on April 15, 2011, she was due a tax refund for 2010 of $2,704.00.  At the same time, however, she owed taxes of $6,425.00 for 2006. When she filed the 2010 return, the United States set off her refund against those taxes.

The debtor filed a Complaint to Determine the Dischargeability of Debt Pursuant to 11 U.S.C. § 523 on June 7, 2011, A.P. Docket No. 1. The debtor filed an Amended Complaint to Determine the Dischargeability of Debt Pursuant to 11 U.S.C. § 523 on October 18, 2011.  A.P. Docket No. 13. Through those complaints, the debtor seeks to: (1) have her 2006 tax debt held to be dischargeable; and (2) to require the United States to return her 2010 tax refund.

---

[1] This adversary proceeding was reassigned on August 26, 2011, to The Honorable Benjamin Cohen, United States Bankruptcy Judge in the Northern District of Alabama, Southern Division.  A.P. Docket No. 8.

First, the debtor argues that the unsecured priority tax debt of $6,425.00 is dischargeable pursuant to section 523(a)(7)(A) of the Bankruptcy Code. 11 U.S.C. § 523(a)(7)(A).  The defendant United States agrees.[2]

Second, the debtor argues that she is entitled to her 2010 tax refund of $2,704 which the United States set off against her 2006 taxes. The United States contends that although the 2006 taxes are dischargeable, it had the authority to set off the debtor's overpayment of her 2010 taxes which it was holding pending the debtor's request for a refund.

The specific matter before the Court is the <u>United States' Motion for Partial Summary Judgment</u>. A.P. Docket No. 19, on this second issue.

## II.  Applicable Law

### A.  Summary Judgment

Under Rule 56(c) of the Federal Rules of Civil Procedure, applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, a moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The framework in this Circuit for determining whether there is a genuine issue of material fact which would preclude summary judgment is outlined in the decision of the Court of Appeals for the Eleventh Circuit Court in <u>Fitzpatrick v. City of Atlanta</u>, 2 F.3d 1112 (11th Cir.1993). This Court has followed that framework in this proceeding and applied the standards required.

### B.  Applicable Statutes

Section 6402(b) of the Internal Revenue Code reads:

The Secretary is authorized to prescribe regulations providing for the crediting against the estimated income tax for any taxable year of the amount determined by the taxpayer or the Secretary to be an overpayment of the income tax for a preceding taxable year.

26 U.S.C. § 6402(b).

Section 362(b)(26) of the Bankruptcy Code reads:

---

[2] The Court will enter a separate order declaring that debt to be dischargeable.

2

The filing of a petition under... this title... does not operate as a stay... of the setoff under applicable nonbankruptcy law of an income tax refund, by a governmental unit, with respect to a taxable period that ended before the date of the order for relief against an income tax liability for a taxable period that also ended before the date of the order for relief, except that in any case in which the setoff of an income tax refund is not permitted under applicable nonbankruptcy law because of a pending action to determine the amount or legality of a tax liability, the governmental unit may hold the refund pending the resolution of the action, unless the court, on the motion of the trustee and after notice and a hearing, grants the taxing authority adequate protection (within the meaning of section 361) for the secured claim of such authority in the setoff under section 506(a);

11 U.S.C. § 362(b)(26).

Section 542(b) of the Bankruptcy Code reads:

an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.

11 U.S.C. § 542(b).[3]

Section 553(a) of the Bankruptcy Code reads:

this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case....

11 U.S.C. § 553(a).

## C.  Cited Case Law

The United States relies on In re Conti, 50 B.R. 142 (Bankr.E.D.Va.1985); Eggemeyer v. Internal Revenue Service (In re Eggemeyer), 75 B.R. 20 (Bankr. S.D. Ill. 1987);  Harbaugh v. United States of America, Internal Revenue Service (In re Harbaugh), Case No. CIV. 89–1540, 1989 WL 139254 (W.D. Pa.,1989 October 13, 1989) affirmed without opinion by Harbaugh V. U.S., IRS, 902 F.2d 1560 (3rd Cir. 1990); Beaucage v. United States of America (In re Beaucage), 334 B.R. 353 (Bankr. D. Mass. 2005); and In re Maines, Case No. 10–21912, 2010 WL 3984641(Bankr. D.N.J. October 08, 2010).

---

[3] The exceptions of subsection (c) and (d) do not apply.

One or more of these cases supports the defendant's positions that: (1) income tax refunds are owed at the end of the calendar year not when the tax return is filed; and (2) the United States was allowed to apply the 2010 overpayment to the debtor's 2006 tax debt even if that 2006 tax debt was dischargeable.

The debtor relies on Hankerson v. United States Dept. Of Education and United States Internal Revenue Service (In Re Hankerson), 133 B.R. 711 (Bankr. E.D. Pa. 1991), rev'd on other grounds sub nom. Hankerson v. United States Dep't of Education, 138 B.R. 473 (E.D. Pa. 1992), appeal dismissed, 146 B.R. 653 (E.D. Pa. 1992).

Hankerson and cases relying on it have been distinguished and criticized. See In re Glenn, 198 B.R. 106 (Bankr. E.D. Pa. Jul 10, 1996), reversed by In re Glenn, 207 B.R. 418 (E.D.Pa. 1997).[4]

---

[4] The court in In re Glenn, 198 B.R. 106 (Bankr. E.D. Pa. Jul 10, 1996) wrote:

Despite considerable authority to the contrary, we will adhere to our ruling in In re Hankerson, 133 B.R. 711, 716–17 (Bankr. E.D. Pa. 1991), rev'd on other grounds sub nom. Hankerson v. United States Dep't of Education, 138 B.R. 473 (E.D. Pa. 1992), that such a refund, if timely requested and allowed postpetition, arose post-petition. Consequently, we will order the IRS to remit the Refund to the Debtor.

Id. at 106.

The court in Beaucage v. United States of America (In re Beaucage), 334 B.R. 353 (Bankr. D. Mass. 2005), cited by the defendant wrote:

Plaintiff admits that Hankerson is distinguishable. It involved a preference recovery sought under 11 U.S.C. § 553(b), and not a setoff issue affecting § 553(a) as here. That case does, however, contain language which follows the bankruptcy court ruling in Harbaugh. Since the latter case was reversed on appeal, it affords Plaintiff little comfort.

Id. at 358. Note 25 to that passage read, "In any event, Hankerson was written the year after the reversal of Harbaugh was affirmed by the court of appeals in its circuit and hence has dubious validity." Id. at 358 n. 25.

The court added, "I hold that the Conti line of cases states the proper rule and that mutuality exists between the tax liability and the tax refund. As a result, if there is no supervening principle of law or equity applicable, IRS may properly assert a right of setoff against the tax refund. " Id. at 358. Note 26 to that passage read, "To the same effect: In re Graybeal, 1993 WL 851378 (Bankr.W.D.Okla.); In re Thorvund–Statland, 158 B.R. 837, 838–39 (Bankr. D. Idaho 1993)." Id. at 358 n. 26.

### III.  Conclusions of Law

The Court agrees with the cases cited by the United States. Those cases support the legal conclusion that set off of the 2006 tax debt with the debtor's 2010 overpayment is allowed even though the 2006 debt was dischargeable.

In addition to the cases cited by the United States, this Court relies on two with ties to this Circuit. Both support the United States' positions.

In a case where the Internal Revenue Service sought relief from the automatic stay to set off a debtor's prepetition tax debt with a postpetition refund, Bankruptcy Judge John S. Dalis of the Southern District of Georgia found that relief was appropriate. Citing <u>Conti</u>, in <u>In re Orlinski</u>, 140 B.R. 600 (Bankr. S.D.Ga.1991) Judge Dalis explained the operation of section 553(a). He wrote:

> Under § 553(a), in order for a creditor's right of setoff under applicable nonbankruptcy law to continue in bankruptcy, "(1) the setoff must involve a mutual debt so that both the creditor and debtor owe each other money,...; (2) both sets of obligations must arise prior to the bankruptcy filing,...; and (3) the setoff cannot fall within [the] three exceptions [outlined in § 553(a)(1)–(3) ]." <u>In re: Dillard Ford</u>, 940 F.2d 1507, 1512 (11th Cir.1991) (citations omitted). Debtor owes the IRS income taxes, plus interest and penalties, for 1987 and 1988, which debt accrued prepetition. The IRS owes debtor a refund of his overpayment of his tax liability for 1990. The IRS's "debt" for debtor's tax overpayment accrued on December 31, 1990 at the close of the taxable year for which overpayment was made, 1990. <u>In re: Dominguez</u>, 67 B.R. 526, 528 (Bankr. N.D. Ohio 1986); <u>In re: Conti</u>, 50 B.R. 142, 148 (Bankr. E.D.Va.1985). None of the three exceptions to setoff in § 553(a) applies to this case. Thus the IRS retains its prepetition right of setoff pursuant to § 553(a).

<u>Id</u>. at 602 (footnote omitted).[5]

Relying on <u>Bosarge v. United States Dep't of Educ.</u>, 5 F.3d 1414, 1417 (11th Cir.1993), in <u>In re Bourne</u>, 262 B.R. 745 (Bankr. E.D.Tenn.2001), Bankruptcy Judge Marcia Phillips Parsons explained the operation of Internal Revenue Code section 6402(d). She wrote:

> This federal intercept statute, which was enacted as part of the Deficit Reduction Act of 1984, allows the IRS to offset a tax refund against any debt which the taxpayer may owe a federal agency. <u>Bosarge v. United States Dep't of Educ.</u>, 5 F.3d 1414, 1417 (11th Cir.1993). Furthermore, this offset right trumps an individual's claim of exemption. <u>Id</u>. In Bosarge,

---

[5] These three factors are satisfied in the instant case.

an individual sued the federal government in order to recover a tax refund
which the IRS had intercepted pursuant to 26 U.S.C. § 6402(d) and
applied to the individual's past-due student loan owed to the Department
of Education. The individual argued that the tax refund should be turned
over to him because he had claimed it exempt under Alabama law. The
Eleventh Court of Appeals disagreed with the debtor and held for the
United States. <u>Bosarge</u>, 5 F.3d at 1415–16.

<u>Id</u>. at 740-50.

## IV.  Conclusion

Based on the above, the Court finds that the <u>United States' Motion for Partial
Summary Judgment</u> is due to be granted. There is no genuine issue as to any material
fact, and the movant is entitled to judgment as a matter of law.

A separate order will be entered in conformity with this opinion.

Dated: June 25, 2012                      /s/Benjamin Cohen_____
                                          BENJAMIN COHEN
                                          United States Bankruptcy Judge

BC:pb